UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| WILLIAM L. HART, II, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5: 15-245-DCR |
| ) | |
| V. ) | |
| ) | |
| FRANCISCO QUINTANA, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Inmate William L. Hart, II, is currently confined at the Federal Medical Center in Lexington, Kentucky. Hart has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 [Record No. 1], challenging his federal conviction for using the internet to attempt to engage in illegal sexual activity with a minor. Hart has paid the $5.00 filing fee. [Record No. 2] Because a § 2241 petition is not the proper vehicle for obtaining the relief sought, Hart's petition will be denied.

**I.**

In August 2009, a federal jury in Louisville, Kentucky convicted Hart of attempting to persuade a minor to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b), and of attempting to persuade a minor to engage in sexually explicit conduct for the purpose of producing visual depictions in violation of 18 U.S.C. § 2251. *United States v. William L.*

*Hart, II*, No. 3:08-CR-109-JHM-1 (W.D. Ky. 2009).  [Record No. 120, therein]¹  Hart's convictions were based on his internet conversations with an undercover detective posing as a 14-year-old girl.  In December 2009, the district court sentenced Hart to concurrent mandatory-minimum sentences of imprisonment of 120 months for violating 18 U.S.C. § 2422(b) and 180 months for violating 18 U.S.C. § 2251.  *Id.*  [Record No. 142, therein]  In March 2011, the Sixth Circuit affirmed his conviction.  *United States v. Hart*, 635 F.3d 850, 859 (6th Cir. 2011).  Hart's petition for writ of certiorari was denied on January 11, 2012.  *Hart*, No. 3:08-CR-109-JHM-1.  [Record No. 156, therein]²

On January 11, 2013, Hart filed a motion to vacate his sentence under 28 U.S.C. § 2255.  *Id.*  [Record Nos. 157, 160, therein]  He alleged that: (i) he was denied effective assistance of trial and appellate counsel in violation of his rights under the Sixth Amendment to the United States Constitution; (ii) the magistrate judge assigned to his case issued rulings and/or made comments that denied him due process; (iii) actions federal prosecutor denied him due process; (iv) the superseding indictment was improper; and (v) the lead detective committed perjury in violation of his Fifth Amendment rights.  [*Id.*]

On February 7, 2014, Magistrate Judge James D. Moyer issued a Report and Recommendation ("R & R"), concluding that Hart's § 2255 motion should be denied as time-barred and because Hart "fail[ed] to show any violation of due process or a denial of fundamental fairness."  *Id.*  [Record No. 168, p. 5, therein]  Hart failed to file objections to

---

¹   Hart's case was reassigned to United States District Judge Joseph H. McKinley, Jr., upon the retirement of United States District Judge Jennifer B. Coffman in January 2013.  [Record No. 158, therein]

²   Hart is scheduled to be released from prison on September 4, 2022.  *See* http://www.bop.gov/inmateloc/ (last visited on December 11, 2015).

-2-

the R & R.  As a result, the district court entered an Order and Judgment on March 5, 2014, adopting the R & R, denying Hart's § 2255 motion, and denying Hart a Certificate of Appealability.  *Id.*  [Record Nos. 170; 171, therein]

Thereafter, Hart filed untimely objections to the R & R, along with a motion to set aside the Order denying his § 2255 motion [Record Nos. 173; 174, therein].  The district court overruled his objections and denied his motion.  *Id.*  [Record No. 176, therein]  The record does not reflect that Hart appealed the district court's determination.

## II.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2241, the Court will deny the relief sought "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).  However, because Hart is not represented by an attorney, the Court evaluates his petition under a more lenient standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*.  At this stage of the proceedings, the Court accepts Hart's factual allegations as true and liberally construes all legal claims in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

In his current petition, Hart first challenges his conviction under the Fourth Amendment to the United States Constitution which prohibits unreasonable searches and seizures.  U.S. CONST. amend. IV.  Hart alleges that Detective Jackman "failed to secure a search warrant for cell phone and had 3 days to review contents, against U.S. Supreme Court ruling *Riley v. California* . . ."  [Record No. 1, p. 5]  As a result, Hart contends that his

conviction should be set aside. [*Id.*] Hart bases his argument on the Supreme Court's June 25, 2014, decision in *Riley v. California*, 573 U.S. ___, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014).

In *Riley*, the Supreme Court addressed whether the Fourth Amendment permits police to search an arrestee's cellular phone without a warrant. 134 S. Ct. at 2480−82. The Supreme Court reviewed the search incident to arrest doctrine to determine how it should be applied to "modern cell phones, which are now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude they were an important feature of human anatomy." *Id.* at 2484. After balancing legitimate governmental interests against an individual's right to privacy under the Fourth Amendment, the Supreme Court concluded that a "digital data" search presents no identifiable risk of harm to officers or destruction of evidence. It held that, upon arrest, "officers must generally secure a warrant before conducting such a search." *Id.* at 2485, 2488–89. While the Supreme Court concluded that the search incident to arrest exception does not apply to cellular phones, it determined that "other case-specific exceptions [such as the exigent circumstances exception] may still justify a warrantless search of a particular phone." *Id.* at 2494. Hart contends that because the decision in *Riley* was rendered after his conviction, it applies retroactively and affords him relief from his federal conviction and sentence. [Record No. 1, p. 9]

For his second challenge, Hart alleges that the transcript of his interrogation prepared by the Louisville Metro Police Department ("LMPD") included various date and time errors and that the use of the transcript during his criminal proceeding violated his due process rights under the Fifth Amendment. [Record No. 1, p. 6] Hart asserts that the transcripts

"were only available [] AFTER the trial." [*Id.*, p. 7] He further claims, "[t]his error raises serious questions of integrity of the investigative [sic]. This would taint the 'true' discovery & conclude fraudulent conduct. This conduct pre-dates my conviction and places the outcome in question." [*Id.*, p. 6] Thus, Hart seeks an order granting him "[a] new trial with pre-trial home confinement." [*Id.*, p. 10]

### III.

Generally, a § 2255 motion provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition to challene the execution of his sentence (i.e., the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit differentiates the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, § 2255, as opposed to § 2241, provides the primary avenue for federal prisoners seeking relief from unlawful convictions or sentences. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule. Under this clause, a prisoner may challenge the legality of his conviction through a § 2241

petition if the remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *see Wooten v. Cauley*, 677 F.3d 303, 306–07 (6th Cir. 2012). This exception does not apply if the prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her conviction under pre-existing law, or where he or she actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Id.*

Alternatively, a prisoner proceeding under § 2241 may implicate the savings clause of § 2255 by alleging "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003).

## IV.

Hart is not challenging the manner in which the Bureau of Prisons ("BOP") is executing his sentences. Instead, Hart is attempting to challenge the constitutionality of his underlying convictions under § 2241 *via* the "savings clause" of § 2255(e). However, Hart has not carried his burden to establish that the remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

The facts underlying Hart's two claims either were, or should have been, known to him on direct appeal or when he filed his § 2255 motion with the United States District Court for the Western District of Kentucky. On direct appeal, Hart argued that: (1) the district court erred in rejecting his request to include an augmented unanimity jury instruction

regarding the underlying state offenses Hart would have violated had he engaged in sexual activity with the minor; (2) 18 U.S.C. §§ 2422 and 2251 are unconstitutionally overbroad and vague; and (3) his sentences violated the Double Jeopardy and Due Process clauses of the Fifth Amendment, as well as the Eighth Amendment's prohibition of cruel and unusual punishment. *United States v. Hart*, 635 F.3d 850, 854 (6th Cir. 2011). A review of the Sixth Circuit's opinion affirming Hart's conviction and sentences reveals that Hart did *not* argue either that the LMPD detective illegally searched his cellular phone in violation of the Fourth Amendment or that the LMPD prepared an inaccurate transcript of his interrogation in violation of his due process rights under the Fifth Amendment. *See id.*

Likewise, Hart did not assert these challenges in his § 2255 motion. As discussed above, Hart alleged various ineffective assistance of counsel claims, and various *other* due process claims. *United States v. William L. Hart, II*, No. 3:08-CR-109-JHM-1 (W.D. Ky. 2009). [Record Nos. 157; 160, therein] However, he did *not* allege either an unreasonable search and seizure claim relating to his cellular phone or a claim challenging the accuracy of the interrogation transcript.

While Hart contends that the interrogation transcript at issue was not available until after trial, this allegation is not sufficiently precise for Hart to carry his burden of establishing that relief under § 2255 was inadequate or ineffective. *Charles*, 180 F.3d at 756. Hart does not explain how much time passed after trial before he obtained the objectionable transcript, indicating that he may have been able to challenge the use of the transcript on appeal or in his § 2255 motion. [Record No. 1, p. 7] Further, the allegation lacks merit because Hart would have been entitled to discovery of the transcript during his criminal

proceeding under Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure. If he was not provided with that transcript upon his request, he should have raised that issue on direct appeal or in his § 2255 motion. *See Charles*, 180 F.3d at 756.

Moreover, Hart does not allege that he sought the Sixth Circuit's permission to file a successive § 2255 motion based on *Riley*'s decision after it was rendered on June 25, 2014. 573 U.S. ___, 134 S. Ct. 2473, 2480, 189 L. Ed. 2d 430 (2014). The remedy under § 2255 is not rendered inadequate or ineffective if the petitioner: (i) has already been denied relief under § 2255; (ii) has been denied permission to file a second or successive motion to vacate; (iii) is procedurally barred from pursuing relief under § 2255; (iv) has allowed the one-year statute of limitations to expire. *Charles*, 180 F.3d at 756–58; *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003). As a result, Hart has not established that relief under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Additionally, Hart has not established a claim of actual innocence under the savings clause. *Bannerman*, 325 F.3d at 724. As a new rule of law, he points to *Riley*, which was rendered five years after his conviction. 573 U.S. —, 134 S. Ct. 2473, 2480, 189 L. Ed. 2d 430 (2014). But Hart has not demonstrated that *Riley* applies retroactively to cases on collateral review, such as his current § 2241 petition. The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (internal quotation marks omitted).[3]

---

[3]   Other district courts have concluded that *Riley* has no retroactive effect to cases on collateral review. *See, e.g.*, *Bell v. Wells*, No. 1:14-CV-793, 2015 WL 4755805, at *3 (M.D.N.C. Aug. 11, 2015) (denying state prisoner's 28 U.S.C. § 2254 petition, based on *Riley*, wherein he

But even if *Riley* applied retroactively, an illegal search would not be evidence of actual innocence of the underlying offenses. *See, e.g.*, *Howard v. Warren*, No. 08-10222, 2009 WL 596117, *4 (E.D. Mich. Mar. 9, 2009) (§ 2254 petitioner's allegations that search warrant was invalid did not suggest that he was actually innocent of the armed robberies for which he was convicted). In other words, Hart has not claimed that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13-CV-1270, 2013 WL 3365139, *3 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 620 (1998)). Thus, Hart fails to allege actual innocence under *Riley*.

Although Hart's Fifth Amendment due process claim can be viewed as a claim that he is actually innocent of the crimes charged, it does not fall within the parameters of an actual innocence claim under the savings clause of § 2255. Hart's allegation that the transcript of his interrogation contained factual inaccuracies is an insufficiency-of-the-evidence claim, which should have been brought on direct appeal or in his § 2255 motion, as discussed above. *Shehee v. Sanders*, 105 F. App'x 10, 12 (6th Cir. 2004). Because Hart's Fifth Amendment claim is "not based upon a new rule of law made retroactive by a Supreme Court case," it is not cognizable under § 2241. *Id.*; *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003).

## V.

Hart has not demonstrated either that his remedy under § 2255 is inadequate or ineffective. Likewise, he has not shown that he is actually innocent of the offenses of

---

alleged that authorities violated his Fourth Amendment rights by searching his camera without a warrant); *Swagerty v. Price*, No. 2:12-CV-00030-JKS, 2014 WL 4163788, at *6 (E.D. Cal. Aug. 20, 2014) (denying state prisoner's 28 U.S.C. § 2254 petition because "*Riley* does not provide retroactive relief, and California has procedures for asserting search and seizure claims.").

conviction. As a result, Hart's claims are not cognizable under 28 U.S.C. § 2241. Accordingly, it is hereby

**ORDERED** as follows:

1. The petition for writ of habeas corpus under 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This 14th day of December, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge